UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. SA CV 12-2063-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he found that she could perform her past relevant work. For the following reasons, the Agency's decision is affirmed.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for DIB on June 21, 2010, alleging that she had been unable to work since April 16, 2009, due to a torn meniscus in her right knee, left knee and back pain, diabetes, depression, underactive thyroid, high cholesterol, migraines, and insomnia.

(Administrative Record ("AR") 113-17, 140.)  After the Agency initially denied her application, Plaintiff requested and was granted a hearing before an ALJ.  (AR 62-70.)  On August 18, 2011, she appeared with counsel and testified at the hearing.  (AR 32-57.)  On September 22, 2011, the ALJ issued a decision denying benefits.  (AR 19-28.)  After the Appeals Council denied Plaintiff's request for review (AR 1-9), she commenced this action.

### III.   DISCUSSION

   Plaintiff contends that the ALJ erred in determining at step four that she could perform her past work as a secretary because she had not performed that job in the last 15 years, as the regulations require.  *See* 20 C.F.R. § 404.1560(b)(1).  (Joint Stip. at 5-11.)  For the following reasons, the Court disagrees.

   In his decision, the ALJ found that Plaintiff retained the functional capacity to do sedentary work, subject to the limitation that she not perform "inherently stressful" work requiring high production quotas, safety operations, or intensely close supervision.  (AR 25.)  Relying on the vocational expert's testimony that Plaintiff had previously worked as a secretary, the ALJ determined that she was not disabled because she could still perform that work.  (AR 28, 51-52.)

   Plaintiff argues that the vocational expert identified five occupations as her past relevant work--bus driver, secretary, cashier, customer service cargo agent, and office clerk--and that the only secretarial work was at Hutton Development, where she worked from 1990 to 1992.  (AR 47-48; Joint Stip. at 5-11.)  She contends that, because this job was performed more than 15 years ago, it does not qualify under the regulations as past relevant work.  (Joint Stip. at 5-11.)

1   There is some support for this argument in the record.  At the
2 hearing, the vocational expert asked Plaintiff when she worked as a
3 secretary.  (AR 47.)  At first, she replied that it was when she
4 worked in a medical office for Dr. Gooing between 2007 and 2008.  (AR
5 47, 48.)  Plaintiff then appeared to correct herself, adding, "that
6 was probably Hutton Development.  I worked as a secretary."  (AR 47.)
7 In response to a question from her attorney, Plaintiff testified that
8 her work with Dr. Gooing was as both a receptionist and a secretary,
9 and the vocational expert subsequently classified that work as "more
10 of an office clerk, which would be light."  (AR 49, 50.)  If this
11 testimony were the only evidence in the record regarding Plaintiff's
12 work experience, the Court might be inclined to agree with her
13 position herein.  However, it is not.

14   In separate work history reports that Plaintiff submitted with
15 her DIB application, she stated that she worked between 1980 and 2008
16 as a secretary in a medical office.  (AR 141, 163.)  The vocational
17 expert referred to those statements when he asked her where she had
18 performed that work.  (AR 47.)  After testifying that she worked for
19 Dr. Gooing, Plaintiff testified that she worked as a secretary for
20 "many years," without specifying the location of that work.  (AR 47.)
21 When her counsel asked her if she had worked as a secretary in a
22 medical office for almost 30 years, Plaintiff replied "[w]ell, I was a
23 secretary for pretty much most of my life."  (AR 49.)

24   Thus, it appears that it was this testimony that the vocational
25 expert was relying on to classify Plaintiff's past work as a
26 secretary.  (AR 48.)  At a minimum, the ALJ was entitled to infer from
27 Plaintiff's own account of her work history and the vocational
28 expert's interpretation of that account that Plaintiff's past relevant

1 work (in the previous 15 years) included work as a secretary. As
2 such, his decision will not be disturbed. *See Batson v. Comm'r, Soc.*
3 *Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding Agency's
4 findings must be affirmed if supported by "inferences reasonably drawn
5 from the record, and if evidence exists to support more than one
6 rational interpretation") (citation omitted); *Macri v. Chater*, 93 F.3d
7 540, 544 (9th Cir. 1996) (holding "ALJ is entitled to draw inferences
8 logically flowing from the evidence") (citation omitted).[1]

## IV. CONCLUSION

For these reasons, the Court concludes that the Agency's findings are supported by substantial evidence and are free from material legal error. As such, the decision is affirmed.

IT IS SO ORDERED.

DATED: November 21, 2013.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\RIVAS, 2063\Memo_Opinion.wpd

---

[1] To the extent that the record remains ambiguous regarding Plaintiff's work history as a secretary, the Court finds that any ambiguity was caused in large part by Plaintiff herself. Furthermore, Plaintiff's counsel was present throughout the hearing and could have resolved any potential ambiguity at that time.